UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ALEXIS RODRIGUEZ-IGLESIAS,

    Petitioner,

v.

CESAR R. MIRANDA-RODRIGUEZ, Secretary of Justice; NOEL LUGO, Warden,

    Respondents.

Civil No. 3:15-CV-01527 (JAF)

**OPINION AND ORDER**

On or about August 11, 1995, petitioner Alexis Rodríguez-Iglesias ("Rodríguez") was convicted, following a jury trial in the Court of First Instance, Superior Court of Mayagüez, of one count of sodomy and one count of lewd behavior and was sentenced, as a recidivist, to concurrent prison terms of thirty years and fifteen years, respectively, for performing anal sexual intercourse on a boy under the age of fourteen. (ECF Nos. 2 at 4; 16 ¶ 3; 21-1 at 15-16.)  Rodríguez appealed the judgment of conviction to the Puerto Rico Court of Appeals, but the Court dismissed the appeal on the ground that Rodríguez had fled from custody and thus forfeited his right to appeal. (ECF Nos. 2 at 5; 16 ¶ 4; 23-1 at 5-8.)  Rodríguez remained a fugitive from justice until his capture, ten years later, in 2005. (ECF No. 16 ¶ 3.)  He has not attempted another direct appeal. (ECF No. 16 ¶ 4.)

On or about August 30, 2013, Rodríguez filed a post-judgment motion in the local trial court, challenging his sentence as excessive or illegal under Puerto Rico law. (ECF Nos. 2 at 6; 16 ¶ 5; 21-1 at 4.)  The court denied the motion. (ECF Nos. 2 at 6; 16 ¶ 4; 21-1 at 5.)  Rodríguez then petitioned the Puerto Rico Court of Appeals for a writ of

certiorari. (ECF Nos. 2 at 6; 16 ¶ 6; 21-1 at 3.) The Court of Appeals denied the writ, finding that "the sentences imposed by the sentencing court were set in accordance with the law, without there being abuse of discretion or an arbitrary or unreasonable action." (ECF No. 21-1 at 17-18; *see also* ECF Nos. 2 at 7; 16 ¶ 6.) In August 2014, the Puerto Rico Supreme Court denied Rodríguez's petition for a writ of certiorari. (ECF No. 2 at 7.)

On or about April 14, 2015, Rodríguez, who remains incarcerated in a Puerto Rico prison, timely filed, in this court, a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 2.) The petition challenges the Commonwealth judgment of conviction on eight separate grounds. (ECF No. 2 at 11-15.) The first seven grounds allege, for the first time, constitutional violations during the pre-sentencing phase of Rodríguez's 1995 trial. (ECF No. 2 at 11-15.) The eighth ground renews Rodríguez's challenge to his sentence as excessive or illegal. (ECF No. 2 at 14.) On August 6, 2015, respondent César R. Miranda-Rodríguez, the Secretary of Justice of Puerto Rico, moved the court to dismiss the petition, arguing, among other things, that Rodríguez had failed to exhaust his state remedies as to the first seven grounds. (ECF No. 16 at 7-10.) Rodríguez replied in opposition to the motion. (ECF No. 23.) On October 8, 2015, respondent Noel Lugo, the Warden of the Institution where Petitioner is housed, requested to join the Motion to Dismiss, which request we granted on October 15, 2015. (ECF Nos. 24 & 25.) Having reviewed those filings, the court finds that the allegations in the habeas petition do not require an evidentiary hearing and that the appointment of

counsel for Rodríguez is not warranted.[1] *See* Rule 8 of Rules Governing Section 2254 Cases in the United States District Courts.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a habeas applicant must 'exhaust[] the remedies available in the courts of the State' before running to federal court.'" *Sanchez* v. *Roden*, 753 F.3d 279, 294 (1st Cir. 2014) (quoting 28 U.S.C. § 2254(b)(1)(A)). "This obligation has its genesis in the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" *Id*. (quoting *Coningford* v. *Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011)). "Generally speaking, a petitioner's failure to exhaust all state remedies is 'fatal to the prosecution of a federal habeas case.'" *Id*. (quoting *Coningford*, 640 F.3d at 482). "A claim based on federal law is not exhausted unless a petitioner has 'fairly and recognizably' presented it to the state courts." *Id*. (quoting *Casella* v. *Clemons*, 207 F.3d 18, 20 (1st Cir. 2000)). "By this we mean that a petitioner must have 'tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" *Id*. (quoting *Casella*, 207 F.3d at 20) (internal quotations omitted). "Stated somewhat differently, 'the legal theory [articulated] in the state and federal courts must be the same.'" *Id*. (quoting *Clements* v. *Maloney*, 485 F.3d 158, 162 (1st Cir. 2007)) (alteration in original) (internal quotations omitted).

---

[1] The court has construed Rodríguez's petition liberally because he is pro se. *Foley* v. *Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

The first seven grounds of relief that Rodríguez raises in his habeas petition are "not properly exhausted under AEDPA" because he "never made" those "argument[s] in any of his state court proceedings." *See Logan* v. *Gelb*, 790 F.3d 65, 70 (1st Cir. 2015) (citing 28 U.S.C. § 2254(b)(1)(A)). Rodríguez's eighth ground of relief is unexhausted as well because, in state court, he challenged his sentence only on local-law grounds, arguing that the sentence "exceed[ed] the maximum penalty provided under the law." (ECF No. 21-1 at 5) (quoting Rodríguez's petition to the Puerto Rico Court of Appeals for a writ of certiorari from the denial of his post-judgment challenge to the sentence.) In its opinion denying the petition for a writ of certiorari, the Puerto Rico Court of Appeals makes plain that Rodríguez's sentence was both challenged and reviewed only under Puerto Rico law. (*See* ECF No. 21-1.) Indeed, the record as a whole is clear that Rodríguez did not "fairly and recognizably" present any federal claims about his sentence to the Puerto Rico courts, such that "a reasonable jurist would have been alerted to the existence of [a] federal question" in his post-judgment motion. *See Sanchez* at 294.

In response, Rodríguez does not deny that his post-judgment motion failed to raise any federal-law claims. Instead, he argues that he had raised federal claims in the direct appeal that was dismissed due to his fugitive status. (*See* ECF No 23.) But a dismissed appeal, where a then-fugitive petitioner's abandonment of his claims deprived the state of an opportunity to rule on them, cannot exhaust any claims. *See Sanchez* at 294. After all, the dismissed appeal is no different from having never taken an appeal, which is normally "fatal" to a later habeas claim. *See Logan*, 790 F.3d at 72. Moreover, Rodríguez has not made a credible argument for why any of his procedural defaults should be excused. *See*

*id.* at 72-73.  In any event, Rodríguez has not shown that he merits habeas relief under the high standard of error mandated in 28 U.S.C. § 2254(d).  *See generally White* v. *Woodall*, 134 S. Ct. 1697, 1702 (2014); *Burt* v. *Titlow*, 134 S. Ct. 10, 15-16 (2013).

When denying a habeas petition under 28 U.S.C. § 2254, the court must determine whether the petitioner warrants a certificate of appealability.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The court may issue a certificate only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  No such showing has been made here.  Thus, the court will not grant Rodríguez a certificate.  He may still seek one directly from the First Circuit Court of Appeals under Federal Rule of Appellate Procedure 22(b).

The court hereby **GRANTS** respondents' motion to dismiss and summarily **DISMISSES** the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 29th day of December, 2015.

                                                                            S/José Antonio Fusté
                                                                            JOSE ANTONIO FUSTE
                                                                            U. S. DISTRICT JUDGE